**FILED**
APR 0 2 2008
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| BONNIE ROMERO, ) | CIV: 08-3005 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | |
| DENISE HANISCH, M.D.; ) | |
| REGIONAL HEALTH PHYSICIANS, ) | |
| INC., doing business as EDGEMONT ) | |
| REGIONAL MEDICAL CLINIC and ) | |
| CUSTER REGIONAL MEDICAL ) | |
| CLINIC; and REGIONAL HEALTH ) | |
| NETWORK, INC., doing business as ) | |
| CUSTER REGIONAL HOSPITAL; ) | |
| ) | |
| Defendants. ) | |

NOW COMES Plaintiff, Bonnie Romero, by and through her attorney of record, and for her Complaint and cause of action against the above-named Defendants, does hereby state and allege as follows:

**PARTIES**

1. Plaintiff Bonnie Romero is a resident of Lakewood, Colorado, and has resided in the State of Colorado since March, 2007. All the Defendants named herein were residents of the State of South Dakota at all pertinent times herein. The incident which is the subject matter of this Complaint occurred at Edgemont Regional Medical Clinic in Edgemont, South Dakota, and the amount in controversy exceeds $75,000, exclusive of costs and interest. Jurisdiction is proper based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

2. At all times material herein, Defendant Denise Hanisch, M.D. (hereinafter "Dr. Hanisch") was a resident of Custer, South Dakota, was and is a physician licensed to practice medicine in the State of South Dakota, who holds herself out to the public as possessing expertise, knowledge, and skill in the practice of medicine.

3. At all times material herein, Defendant Regional Health Physicians, Inc. was a South Dakota corporation engaged in the business of operating medical clinics with the fictitious business names of Edgemont Regional Medical Clinic in Edgemont, South Dakota, and Custer Regional Medical Clinic in Custer, South Dakota, employing physicians, nurses, technicians and other personnel to treat patients in Edgemont and Custer with a variety of illnesses and injuries, and held itself out to the public as providing medical services.

4. At all times material herein, Edgemont Regional Medical Clinic held itself out as a satellite clinic of Custer Regional Medical Clinic.

5. At all times material herein, Defendant Regional Health Network, Inc. was a South Dakota corporation engaged in the business of operating a general hospital with the fictitious name of Custer Regional Hospital in Custer, South Dakota, employing physicians, nurses, technicians and other personnel to treat patients in and around Custer, South Dakota, with a variety of illnesses and injuries, and providing laboratory services to Edgemont Regional Medical Clinic and Custer Regional Medical Clinic.

## FACTS

6. In 1999, Bonnie Romero and her husband moved to the Edgemont area, and she began treating with Dr. Hanisch and the Edgemont Regional Medical Clinic for medical services such as annual physicals, health care maintenance, and other health concerns as needed.

7. In September of 2000, Dr. Hanisch began prescribing medication to Mrs. Romero for the treatment and control of her high cholesterol levels, known as hyperlipidemia. At all times from September of 2000 until December of 2006, Dr. Hanisch maintained Mrs. Romero on a series of medications for the treatment and control of her hyperlipidemia, and undertook the duties incumbent upon a physician to provide appropriate monitoring and follow up care related to those medications.

8. In October of 2004, Dr. Hanisch began prescribing Mrs. Romero with a combination of Zetia 10 mg. one per day, and Crestor 10 mg. one per day, for the control and treatment of her hyperlipidemia. Mrs. Romero continued to take these medications as ordered and prescribed by Dr. Hanisch until late in December of 2006.

9. Two months after starting Mrs. Romero on Zetia and Crestor, Dr. Hanisch ordered a lipid profile test. Test results from Custer Regional Hospital Laboratory dated December 16, 2004, indicated the ALT (Alanine Aminotransferase) and HDL (High Density Lipoprotein) were slightly elevated.

10. Laboratory tests through Custer Regional Hospital Laboratory were next taken on July 26, 2005, and included liver function testing but not lipid profiles. Dr. Hanisch then charted that "all labs are excellent", and to recheck Mrs. Romero's lipids and liver function in one year.

11. Mrs. Romero was next seen at Edgemont Regional Medical Clinic on April 11, 2006, for an annual physical, which included a review of her medication. A blood sample was drawn and Dr. Hanisch then informed Mrs. Romero that all of her laboratory results were within normal limits, and refilled all of Mrs. Romero's medications for another year.

12. On and after April 11, 2006, Defendants represented to Bonnie Romero and her subsequent medical providers that her lipid profile and liver function tests had been updated and completed, and those findings were all within normal limits. However, no such tests were done at that time.

13. Based upon the information provided by Defendants on April 11, 2006, Bonnie Romero was under the belief and impression that such tests had been completed, that the results were within normal limits, and she was to continue to take the Zetia and Crestor as prescribed.

14. In December of 2006, Bonnie became ill while in Wisconsin, and was diagnosed as having acute hepatitis. Bonnie was then referred to Mayo Clinic, and due to failing liver function she ultimately underwent emergency liver transplant on January 28, 2007.

15. Had Defendants adhered to the applicable standards of care, the afore-described injuries sustained by Bonnie Romero would have been avoided.

16. Prior to such injuries, Bonnie Romero was a healthy, active, vivacious lady who assisted in ranching activities and worked full-time as a contracts administrator.

17. As a result, Bonnie Romero has lost income, incurred substantial medical expenses, and continues and will continue for life to require extensive medical treatment and monitoring.

## COUNT ONE - NEGLIGENCE

18. Plaintiff incorporates by reference each and every paragraph set forth herein.

19. Defendants owed a duty to Plaintiff to exercise reasonable care and skill in providing professional medical services to her while a patient under their care at Edgemont Regional Medical Clinic.

20. At all times material hereto, Dr. Hanisch, Regional Health Physicians, Inc. and Regional Health Network, Inc. held themselves out as having the requisite medical skills and resources to care for and treat Bonnie Romero, particularly to control and treat her cholesterol level.

21. Defendant Dr. Hanisch breached the applicable standard of care for a physician when she failed to properly diagnose, treat, care for, monitor or transfer Bonnie Romero while under her care at Edgemont Regional Medical Clinic.

22. Defendants Regional Health Physicians, Inc. and Regional Health Network, Inc. breached the applicable standard of care for a medical care system by failing to administer the policies, procedures and protocol necessary to properly diagnose, treat and care for Bonnie Romero while under Dr. Hanisch's care at Edgemont Regional Medical Clinic.

23. Defendants Regional Health Physicians, Inc. and Regional Health Network, Inc. are liable for the acts and omissions of Defendant Dr. Hanisch and all other Defendant medical, nursing, or other personnel during their care and treatment of Bonnie Romero under the doctrines of *respondeat superior* and/or apparent agency.

24. As a result of Defendants' negligence, Plaintiff Bonnie Romero has suffered damages, including, but not limited to, extensive medical expenses, temporary disability, loss of income, and past and future pain and suffering and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Bonnie Romero requests that this Court enter a judgment against Defendants and in favor of Plaintiff as follows:

    1. For such sums as may be awarded for Plaintiff's economic and non-economic losses, including disability, disfigurement, pain, suffering, mental anguish, loss of earnings and medical expenses, both past, present and future;

2. For loss of the ability to enjoy life;

3. For costs of this lawsuit including prejudgment interest; and

4. For such other and further relief as may be just and equitable.

Dated this _2_ day of _April_, 2008.

                              GUNDERSON, PALMER, GOODSELL
                              & NELSON, LLP

                        BY: _____
                              Terence R. Quinn
                              G. Verne Goodsell
                              440 Mt. Rushmore Road
                              P.O. Box 8045
                              Rapid City, SD 57709-8045
                              (605) 342-1078
                              Attorney for Plaintiffs

PLAINTIFFS REQUEST TRIAL BY JURY

BY: _____
     Terence R. Quinn